# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE BARTHOLOMEW, | : | |
|     Plaintiff | : | Civil Action No. 1:07-CV-1204 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| H. LAPPIN, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court is Plaintiff's motion requesting a temporary restraining order and/or preliminary injunction (Doc. No. 11.)  Defendants have filed a brief in opposition to the motion (Doc. No. 15), and for the reasons that follow, the motion will be denied.

Plaintiff Wayne Bartholomew is an inmate at United States Penitentiary - Allenwood ("USP-Allenwood") in Allenwood, Pennsylvania.  He alleges in his complaint that, inter alia, Defendants transferred him from the Federal Correctional Institution - Talladega ("FCI-Talladega") in Talledega, Alabama after he filed a civil action in federal court in the Northern District of Alabama, No. 06-CV-2051.  He contends that the decision to transfer him from FCI-Talladega to USP-Allenwood was "based on false and fabricated information placed in Plaintiff's central file."  He seeks relief in this action pursuant to the Privacy Act, 5 U.S.C. § 552a, and under the Fifth and Fourteenth Amendments to the United States Constitution.

In this instant motion, Plaintiff seeks an order prohibiting the Federal Bureau of Prisons ("BOP") from transferring him from USP-Allenwood to another institution.  Plaintiff alleges that he has been "subjected to [a] quick track transfer, a transfer intentionally designed by the [BOP] . . . to moot petitioner's civil actions" (Doc. No. 11, at 5), and that injunctive relief is

necessary to avoid another quick track transfer.[1]

A preliminary injunction is "an extraordinary remedy," that may be granted only in limited circumstances. NutraSweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999). Within the Third Circuit, a preliminary injunction is only appropriate when the moving party has met four requirements: (1) [the moving party] has a likelihood of success on the merits, (2) it will suffer irreparable harm if the injunction is denied, (3) granting preliminary relief will not result in even greater harm to the nonmoving party, and (4) the public interest favors such relief." Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2007) (quoting Child Evangelism Fellowship of New Jersey, Inc. v. Stafford Twp. Sch. Dist., 386 F.3d 514, 524 (3d Cir. 2004)). As to each of these requirements, the burden rests with the moving party to "establish every element in its favor." P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC, 428 F.3d 504, 508 (3d Cir. 2005).

Here, Plaintiff has not demonstrated that any of these requirements would be met in this case. First, without addressing the relative merits of Plaintiff's claims, the Court notes that Plaintiff has not made a showing of the likelihood of success on such claims. Second, although Plaintiff contends that a transfer to another prison will cause him to suffer irreparable harm, the Court disagrees. He contends that a "quick track transfer" will moot his case. Plaintiff has provided no specific reason to believe that a transfer in *this* case would moot any of his claims.

---

[1] The Court presumes that Plaintiff is referring to the principle that "[a]n inmate's transfer from the facility complained of generally moots the equitable and declaratory claims" arising out of conditions of confinement. Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003). However, the Court notes that, despite Plaintiff's suggestion that his case before the Northern District of Alabama is moot, that court specifically advised Plaintiff that "his case is still pending before the court." Bartholomew v. Drew, No. 06-2051, Doc. No. 13, at 3.

Indeed, Defendants correctly acknowledge that a transfer would *not* moot Plaintiff's claims. (Doc. No. 15, at 7.)

As to the third and fourth requirements for a preliminary injunction, the Court is persuaded by Defendants' argument that "the BOP would be irreparably harmed should the Court limit its discretion regarding where to house inmates and whether to transfer inmates." (Doc. No. 15, at 7); accord Levie v. Ward, No. 05-1419, 2007 WL 2840388, at *23 (W.D. Okla. Sept. 27, 2007) ("Forbidding prison officials from transferring Plaintiff based on the speculative and conclusory allegations offered by Plaintiff would unduly interfere with prison management and would be contrary to the public interest."). Congress afforded the BOP discretion in making interfacility transfers, and the Court is loathe to upset such discretion without an affirmative showing that Court intervention is necessary. See 18 U.S.C. § 3621(b) ("In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.").

Having considered the arguments set forth by Plaintiff and Defendants in connection with Plaintiff's motion for a temporary restraining order and/or preliminary injunction, the Court finds that Plaintiff has not established that he is entitled to such injunctive relief. Accordingly, Plaintiff's motion must be denied.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WAYNE BARTHOLOMEW,** | : | |
| Plaintiff | : | Civil Action No. 1:07-CV-1204 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **H. LAPPIN, et al.,** | : | |
| Defendants | : | |

## ORDER

**AND NOW**, on this 9th day November, 2007, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for a temporary restraining order and/or a preliminary injunction (Doc. No. 11) is **DENIED**.

 S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania