# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE BARTHOLOMEW, | : | |
|     Plaintiff | : | Civil Action No. 1:07-CV-1204 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| FEDERAL BUREAU OF PRISONS et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court is Defendants' motion to dismiss or, in the alternative, for summary judgment. (Doc. No. 42.) In their motion, Defendants argue, among other things, that: Plaintiff's claims are barred because he failed to fully exhaust administrative remedies on most of his claims; and, he fails to state a claim for relief as to those claims that are properly before the Court. For the reasons that follow, the motion will be granted.[1]

**I.    BACKGROUND**

    **A.    The Parties**

Plaintiff Wayne Bartholomew is a federal inmate currently incarcerated at the Federal Correctional Institution in Memphis, Tennessee. Acting *pro se,* Bartholomew filed a complaint in this Court alleging various constitutional claims pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and claims under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. At the time the suit was filed, Bartholomew was incarcerated at the United States Prison at Allenwood ("USP Allenwood"), in White Deer, Pennsylvania.

---

[1] Also before the Court is Bartholomew's motion to strike Defendant's Reply Brief for "Failure to Deny pursuant to Civil Rule 8(d)." (Doc. No. 59.) That motion will be denied as moot.

Defendants are the Federal Bureau of Prisons ("BOP"); Harley Lappin, the BOP Director; D. Scott Dodrill, the BOP Northeast Regional Director; Jonathan Miner, the Warden of USP Allenwood; Thomas Szulanczyk, the Associate Warden of Programs; Mark Tanner, the Case Management Coordinator; Donn Troutman, a Unit Manager; Christopher Witmer, a Case Management staff member; Earl Fisher, a Unit Manger staff member; and Harrell Watts, the Administrator of National Inmate Appeals (collectively "Defendants").

The gravamen of Bartholomew's complaint is that Defendants placed and maintained false information in his prison records. Bartholomew alleges that the inaccurate information—that he is a member of the Aryan Brotherhood (a white-supremacist prison gang) and was involved in a plot to hold a prison staff member hostage—led to his receiving a "retaliatory transfer under the guise of a close supervisory transfer" from the Federal Correctional Institution in Talladega, Alabama, to USP Allenwood. Second Am. Compl. ¶ 16. As a result, Bartholomew's mother was unable to visit him and his safety was allegedly placed at risk because of his designation as an Aryan Brotherhood member. Id. Bartholomew further alleges that on May 6, 2007, he requested a copy of his Presentence Report, evidently in an attempt to correct the incorrect information, but that request was denied. Id. ¶¶ 19-24.

Defendants raise several arguments for dismissal or summary judgment. First, they allege a defect in venue for the Privacy Act and FOIA claims because Bartholomew, and the records he seeks, are now held in FCI Memphis after his transfer February 11, 2008. Second, they argue Bartholomew has failed to exhaust his administrative remedies on all but two of his claims. Third, they argue for dismissal of the Bivens claims on two grounds: that insofar as Defendants are sued in their official capacities, sovereign immunity applies; and insofar as

Defendants are sued in their individual capacities, the record lacks evidence of personal involvement. Fourth, they argue that although Bartholomew exhausted his normal administrative remedy in the FOIA request for his Presentence Report, he failed to exhaust the specific BOP procedures for a FOIA request. Finally, Defendants argue that any BOP records Bartholomew seeks to amend are exempt from the relevant provisions of the Privacy Act.

      **B.**      **The BOP's Administrative Remedy Program**

The BOP has an Administrative Remedy Program to handle general inmate complaints. 28 C.F.R. § 542.10 *et seq*. Furthermore, there are special, statutory procedures in place for certain types of claims, including those brought under FOIA. If an issue or appeal cannot be resolved through the normal Administrative Remedy Program, the BOP is to refer the inmate to the appropriate statutory procedure. Id. § 542.10(c).

The Administrative Remedy Program process is three-tiered. Before filing an official complaint (absent several exceptions, none of which apply here), an inmate is required to present the problem to staff at the prison, who are to attempt to informally resolve the problem. Id. C.F.R. § 542.13(a). First, if informal resolution is not achieved, the inmate is to file an Administrative Remedy Request to bring the matter to the Warden's attention, who is to resolve the complaint within twenty days. Id. §§ 542.14, 542.18. Next, if an inmate is "not satisfied with the Warden's response [he] may submit an Appeal on the appropriate form . . . to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." Id. § 542.15(a). Finally, "an inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form . . . to the [BOP Central Office] within 30 calendar days of the date the Regional Director signed the response." Id. Appeal to the

Central Office is final, and no appeal is considered to have been exhausted until rejected by the BOP Central Office. Id.

The BOP keeps a computerized index of all administrative appeals filed by inmates. Defs' Statement of Material Facts ¶¶ 19-21. The BOP does not keep a record of the remedy provided when a request is rejected; however, a copy is provided to the inmate. Id.

The BOP employs a separate procedure for FOIA requests. See 28 C.F.R. § 513.30 *et seq*. FOIA requests must be made in writing to the BOP Director directly. Id. §§ 513.60–61. Denials must be appealed to the Department of Justice, Office of Information and Privacy. Id. § 513.66. If that request is denied, the inmate may file suit pursuant to 5 U.S.C. § 552(a)(4)(B). See Pl's Ex. C, BOP Resp. to FOIA Req.

### C. Procedural History

Bartholomew filed suit on July 3, 2007. (Doc. No. 1.) On July 20, the Court granted Bartholomew's motion to proceed in forma pauperis. With leave of the Court, he amended his complaint twice. (Docs. No. 25, 30.) On August 6, 2007, Bartholomew filed a motion for a temporary restraining order to prevent his impending transfer from USP Allenwood to FCI Memphis. (Doc. No. 11.) The Court denied the motion on November 9. (Doc. No. 23.) Defendants filed the present motion to dismiss, or in the alternative, for summary judgment, on March 12, 2008, (Doc. No. 42.), and the parties have fully briefed the motion.

## III. STANDARD OF REVIEW

Defendants move to dismiss Bartholomew's complaint under Federal Rules of Civil Procedure 12(b), or in the alternative, seek summary judgment under Rule 56(b). Rule 12(d) provides that, the event that the Court considers evidence outside of the pleadings, a motion

under Rule 12(b)(6) or Rule 12(c) must be treated as one under Rule 56.  As required by the Rule, the parties have been given reasonable time to present material pertinent to the motion, which the Court has reviewed.  Therefore, the motion will be considered under a summary judgment standard.

Rule 56 provides that summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Norfolk S. Ry. Co. v. Basell USA, Inc., 512 F.3d 86, 91 (3d Cir. 2008) (quoting Fed. R. Civ. P. 56).  In making its determination, the Court must view the facts "in the light most favorable to the nonmoving party."  Id.

## II. DISCUSSION

### A. Jurisdiction and Venue

The Court has jurisdiction under 28 U.S.C. § 1331.  For the Bivens claims, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).  Under FOIA and Privacy Act, venue is proper where the complainant resides, where the records he requests are kept, or in the District of Columbia.  5 U.S.C. §§ 552(a)(4)(B) and 552a(g)(5).  When Bartholomew filed suit, he resided at USP Allenwood, which is in this District; therefore, venue is proper for the FOIA and Privacy Act claims.

### B. Exhaustion

The Prison Litigation Reform Act of 1995 ("PLRA") states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The PLRA applies by its terms to FOIA and Privacy Act suits.  It also applies to Bivens claims.  Nyhuis v. Reno, 204 F.3d 65, 68 (3d Cir. 2000).  Failure to exhaust is an affirmative defense under the PLRA.  Jones v. Bock, 549 U.S. 199, —, 127 S. Ct. 910, 921 (2007).  Exhaustion is mandatory, and the Court may not consider unexhausted claims.  Id. at 918–919 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)).  The Court, however, cannot dismiss an entire complaint for failure to exhaust if the complaint contains some claims that have not been exhausted.  Id. at 924.  Therefore, the Court will consider the merits only of Bartholomew's claims for which he exhausted his administrative remedies.

Construed broadly, Bartholomew's Second Amended Complaint raises eleven claims.[2] For reasons more fully discussed below, the Court finds that Bartholomew failed to exhaust his administrative remedies for all but one of the claims: that BOP officials failed to amend his allegedly erroneous custody detainer score contained in his Inmate Central File.

On March 6, 2008 a computer search was conducted for Administrative Remedy Requests filed by Bartholomew.  Defs' Statement of Material Facts ¶¶ 22–23.  The search revealed that between March 28, 2006, the date which Bartholomew arrived at FCI Talladega, and March 6, 2008, Bartholomew filed eighteen Administrative Remedy Requests.  Only eight of those requests pertain to allegations raised in Bartholomew's Second Amended Complaint.

---

[2] They are, briefly: (1) denial of access to his Presentence Report, (2) failure to amend his custody detainer score, (3) failure to correct all erroneous information in his Central File, (4) false accusations regarding his purported Aryan Brotherhood membership, (5) failure to be treated fairly, respectfully, and impartially, (6) a retaliatory placement in special housing at FCI Talladega, (7) a retaliatory transfer to USP Allenwood, (8) deprivation of his right to communicate with his family, (9) violation of his right to be incarcerated close to his home state, (10) placing his life in danger by placing him in a maximum security prison, and (11) denying his right to safekeeping, care, and proper classification.

Id.

The record shows that Bartholomew failed to file an initial formal complaint for seven claims. Specifically, he failed to file an Administrative Remedy Request for the following claims: (1) that the staff wrongly accused him of being a member of the Aryan Brotherhood and of conspiring to kidnap a female prison staff member; (2) that he was not treated respectfully, impartially, and fairly by the BOP staff at FCI Talladega; (3) that he received a retaliatory transfer to USP Allenwood; (4) that he was deprived of his right to communicate and visit with his family; (5) that staff violated his right to be incarcerated in the BOP facility closest to his home state; (6) that his life was in danger when he was placed in maximum security housing; and, (7) that he had been denied the right to be provided safekeeping and care, and to be properly classified and treated. Id. ¶ 25.

Because Bartholomew failed to exhaust these seven claims, the Court will not consider their merits and they will be dismissed. Next, the Court addresses exhaustion of the claims for which Bartholomew began the Administrative Remedy process.

### 1. Administrative Remedy No. 425429 F–1: Bartholomew's Transfer to Special Housing Because of his Alleged Aryan Brotherhood Membership

On August 30, 2006, Bartholomew filed Administrative Remedy No. 425429 F–1. He alleged that he had been placed in FCI Talladega's Special Housing Unit after falsely being classified as an Aryan Brotherhood member. Defs' Ex. A–1; BOP SENTRY Rep't 3. His remedy request was denied and Bartholomew appealed to the BOP Regional Office. Id. The regional office again denied his request, but Bartholomew did not appeal to the BOP Central Office. Id. On this claim, therefore, Bartholomew failed to exhaust and it will be dismissed.

### 2. Administrative Remedy No. 438681: Request for Changing the Custody Detainer and Removing False and Erroneous Information

On January 1, 2007, Bartholomew filed Administrative Remedy Number 438681 F–1, requesting that the certain information be removed from his Inmate Central File, including a custody detainer placed on his classification score[3] as well as all other purportedly false and erroneous information. Defs' Ex. A–4, Admin. Remedy Req. No. 438681–F1. Bartholomew's request appears to be a Privacy Act request, because he cites the Privacy Act and supporting caselaw. Pl's Aff. in Opp'n 2. On January 18, Defendant Miner denied the request, but he did not address Bartholomew's request to remove false and erroneous information from his File. Id. Bartholomew appealed to the Regional Office on January 26, but the substance of his appeal contains only his acknowledgment that—because of the PLRA—he must exhaust his administrative remedies before filing suit. Defs' Ex. A–5, Reg'l Admin. Remedy Appeal. Bartholomew's appeals were denied by Defendant Dodrill at the regional office on March 2, Ex. A–6, Appeal No. 438681-R1, and by Defendant Watts at the Central Office on May 14, Ex. A–8, Admin. Remedy No. 438681-A1. Defendants contend that the remedy appeal responses did not raise claims regarding "false and erroneous information." Ex. A–2, Admin. Req. Summ.

Only one of the two claims here appears to have been exhausted. The issue of false and erroneous and false information contained in Bartholomew's File was not raised on appeal, and therefore was not exhausted. The Court will not consider that claim's merits. Because final appeal was denied regarding the removal of the detainer, however, that claim was exhausted and

---

[3] Bartholomew is serving a life sentence with a possibility of parole. The detainer was lodged against him regarding two concurrent fifty and sixty year sentences imposed by the State of Louisiana. See Pl's Ex. B, Administrative Remedy Requests; Pl's Ex. D BOP Request for Transfer.

the Court must consider its merits.

### 3. Administrative Remedy No. 454772: FOIA Request for Presentence Report

Bartholomew filed an Administrative Remedy Request via the normal Administrative Procedures alleging that he was not allowed to keep and maintain a copy of his Presentence Report. It was received on June 28, 2007. BOP Sentry Rep't 8. Defendants concede that he exhausted his *normal* administrative remedies on this claim, Defs' Statement of Material Facts ¶ 9, but that he failed to exhaust the BOP's specific FOIA procedures, id. ¶ 46. The actual issues Bartholomew raised in his request are unclear—the record contains only a seven-word abstract explaining the substance of the request and Bartholomew has not provided further documentation of the request.

An inmate filing a FOIA request must first exhaust the procedures provided by the BOP. See 28 C.F.R. § 513.40 *et seq.* According to a records search, Bartholomew filed four FOIA requests during his incarceration at USP Allenwood, none of which contained a request to see his Presentence Report. Defs' Statement of Material Facts ¶¶ 44–46. Although Bartholomew provided the Court documentation from a FOIA request made in 2004, in which he attempted to ascertain if his Central File contained allegedly erroneous information naming him as a member of the Aryan Brotherhood, the BOP was unable to find any such information at that time. Pl's Ex. C. Since then, there is no record evidence indicating that Bartholomew submitted a FOIA request for his Presentence Report. The Court finds that Bartholomew failed to exhaust his FOIA claim, and it must be dismissed.

### B. The Bivens Claims

The Court will consider Bartholomew's one exhausted claim—the failure to amend his custody detainer—to the extent that it raises a cause of action under Bivens. Bartholomew cites various constitutional provisions as a basis for recovery on several of his counts,[4] but it should be emphasized that the Court opinion on the merits of his Bivens claims pertains only to the exhausted claim and to the extent that the claim raises constitutional violations.

A Bivens claim is an implied right of action allowing plaintiffs to sue federal agents acting under color of federal authority for civil rights violations. It is analogous to its statutory cousin, 42 U.S.C. § 1983, which allows federal suits of state agents who commit civil rights violations while acting under color of state law. The required elements of a Bivens claim are (1) the conduct complained of was a person acting under color of law, and (2) the conduct deprived that person of a right, privilege, or immunity secured by the Constitution. See, e.g., Grohman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) (describing elements of a § 1983 claim).

"[A] Bivens action does not lie against either agencies or officials in their official capacity." Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002). This is so because a suit against a federal agency or a federal official in his or her official capacity is a suit against the United States. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 61 (1989). As a sovereign, the United States is immune from suit except when it consents to abrogate that immunity. The immunity is jurisdictional in nature, FDIC v. Meyer, 510 U.S. 471, 475 (1994), and therefore Bartholomew's claim against the BOP and Defendants in their official capacities must be

---

[4] For example, Bartholomew states that Defendants are "constitutionally mandated" to ensure access to his Presentence Report. Second Am. Compl. ¶ 21.

dismissed for lack of subject matter jurisdiction.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). To proceed against the Defendants in their individual capacities, Bartholomew must allege "personal direction or . . . actual knowledge and acquiescence" of constitutional violations. Id. He has not done so, and the record reveals no evidence that the individual Defendants were personally involved in or cognizant of constitutional violations. Accordingly, judgment must be entered for Defendants.

In summation, the Defendants are entitled to summary judgment on the Bivens claims because they are immune from suit in their official capacities and because they were not personally involved in any constitutional deprivation.

### C. The Privacy Act Request to Change the Custody Detainer

Finally, the Court will consider the statutory merits of Bartholomew's exhausted claim: his request to have his detainer score changed.[5] Bartholomew relies on Sellers v. BOP, 959 F.2d 307 (D.C. Cir. 1992). Though the Sellers court held that the BOP must take reasonable steps to ensure that information in an inmate's Central File is correct—as required by 5 U.S.C. § 552a(e)(5)—so long as the information is capable of being verified, Sellers, 959 F.2d at 312, the BOP has since promulgated regulations exempting the Inmate Central Records System from the accuracy requirement of the Privacy Act. 28 C.F.R. § 16.97(j), *as added by* Dep't of Justice

---

[5] This claim can be made only against the BOP, because in a Privacy Act claim, the only proper defendant is the agency. 5 U.S.C. § 552a(g)(1) ("the individual may bring an action against the *agency*) (emphasis added); Thomas v. Ashcroft, No. 3:05-0090, 2006 WL 860136, at *4 (M.D. Pa. Mar. 30, 2006).

Agency Action, 67 Fed. Reg. 51,754 (Aug. 9, 2002). Accordingly, because his Central File is exempt from the Privacy Act, Bartholomew cannot sue to change his custody detainer score. Defendants are entitled to judgment on the Privacy Act claim.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds summary judgment is appropriate on all of Plaintiff's claims. Defendants' motion to dismiss or, in the alternative, for summary judgment will be granted. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WAYNE BARTHOLOMEW,** | : | |
|     Plaintiff | : | Civil Action No. 1:07-CV-1204 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **FEDERAL BUREAU OF PRISONS et al.,** | : | |
|     **Defendants** | : | |

## **ORDER**

**AND NOW**, on this 23rd day of September, 2008, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to dismiss, or in the alternative, for summary judgment (Doc. No. 42) is **GRANTED**.

2. Plaintiff's motion to strike (Doc. No. 59) is **DENIED** as moot.

3. The Clerk of Court shall enter judgment in Defendants' favor.

                                                   S/ Yvette Kane
                                                   Yvette Kane, Chief Judge
                                                   United States District Court
                                                   Middle District of Pennsylvania